```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| JOSE HERNANDEZ-TORRES, | |
|     Petitioner, | Civil No. 13-1548 (PG) |
|     v. | (Crim. 07-198 & Crim. 09-173) |
| UNITED STATES OF AMERICA, | |
|     Respondent. | |

**OPINION AND ORDER**

Petitioner, Jose Hernández-Torres, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 08-079. (Docket No. 1.)

**I.   BACKGROUND**

Petitioner was charged in two separate criminal matters. (Crim. 09-173 Docket No. 2.) On November 5, 2010, Petitioner, pursuant to a plea agreement that consolidated his offenses, pled guilty to conspiracy to possess with the intent to distribute one kilogram or more of heroin and conspiracy to import 1,000 kilograms or more of cocaine into the United States. (Crim. No. 09-173 Docket No. 1257 and Crim. No 07-198 Docket No. 112.) This Court sentenced Petitioner to to a term of 210-months of imprisonment. (Crim. No. 07-198 Docket No. 132 and Crim. No 09-173 Docket No. 2540 at 13-18.) The judgment was entered on March 31, 2009. (Docket No. 63.) On July 6, 2011, defendant filed a timely notice of appeal. (Appeal No. 11-1833.) The First Circuit Court of Appeals affirmed. (Id.) On July 15, 2013, Petitioner filed this § 2255 motion. (Civ. No. 13-1548, Docket No. 1.) The government opposes. (Docket No. 3.)

## II. LEGAL STANDARD

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III. DISCUSSION

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The petitioner alleges several species of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a movant must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his counsel's errors, the result

of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate ineffective assistance of counsel, both prongs of the <u>Strickland</u> test must be met. <u>Id.</u>

**A. *Counsel was not ineffective for failing to investigate Petitioner's criminal history***

Petitioner argues that counsel was ineffective for failing to investigate his criminal history and this failure ultimately allowed certain facts to be used to increase Petitioner's sentence. Petitioner's claim is contradicted by the record.

Here, all relevant facts for sentencing were set forth in the Pre-Sentence Report (PSR). Petitioner does not allege that counsel was anything but fully aware of all the relevant facts contained in the PSR. As such, counsel reasonably relied on the PSR in advising his client to plead. <u>United States v. Colon-Torres</u>, 382 F.3d 76, 86 (1st Cir. 2004)(holding that there is no *per se* rule that an attorney's failure to independently investigate his client's criminal history before advising him to accept a plea offer is ineffective assistance). Because Petitioner fails to demonstrate negligence on the part of his counsel, the claim fails.

**B. *Counsel was not ineffective for failing to object to a factual inaccuracy pertaining to a violation of his release conditions***

Petitioner asserts that the court's comment about an alleged violation of his conditions of release was inaccurate because the arrest that followed his pretrial release was for offenses committed in an unrelated criminal matter. (App. No. 11-1833, Appellant's Brief, p. 32). Petitioner raised this argument on direct appeal. (<u>Id.</u>) The First Circuit rejected this argument, finding that, "the

targeted comment was fleeting and technically was correct in view of the span of the conspiracy to which appellant had admitted." Id.

It is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in the garb of an "ineffective assistance of counsel" claim. See United States v. Doyon, 16 Fed.Appx 6, 9 (1st Cir.2001) (dismissing claims raised in a § 2255 motion because they were "decided on direct appeal and may not be relitigated under a different label on collateral review"). As such, Petitioner's claim fails.

### C. Counsel was not ineffective for failing to object to an alleged breach of the plea

Petitioner alleges that his counsel was ineffective for "failing to object to an alleged breach of plea and failed to understand the applicable guideline grouping rules during the negotiation of such plea which resulted in top of guideline sentence." (Docket No. 1 at 7.) However, Petitioner's counsel raised this precise issue on direct review (App. 11-1833, Appellant's Brief at 20-30), and the First Circuit rejected counsel's contentions. Therefore, Petitioner's claims fails.

### D. Counsel was not ineffective for failing to understand the application of United States Sentencing Guidelines §5G1.2 and §3D1.2

Finally, Petitioner contends that his counsel failed to foresee that the court would apply U.S.S.G. §3D1.2 instead of calculations set forth on the plea. (Docket No. 1 at 7.) The record contradicts Petitioner's claim.

The Petitioner's PSR indicated that all counts should be grouped for sentencing purposes, pursuant to U.S.S.G. §3D1.2. A review of the record clearly indicates that Petitioner's counsel objected to the PSR's conclusion before, and at, the sentencing hearing. (Docket No.

1529 at 4 and Docket No. 2540 at 4-7.) Petitioner's counsel argued that Petitioner was entitled to an individual calculation of sentence for each count. (Docket No. 2540 at 5-7). The court ultimately rejected counsel's objection, noting that it was not bound by the PSR's recommended method for calculating Petitioner's sentence. As such, it is clear that Petitioner's counsel both understood the application of the Sentencing Guidelines at issue here and noted his objections before the court. Petitioner's claim fails.

### IV. CERTIFICATE OF APPEALABILITY

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

### V.     CONCLUSION

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion.  (Docket No. 1.)  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of November, 2014.

>            **S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>**
>            **JUAN M. PÉREZ-GIMÉNEZ**
>            **UNITED STATES DISTRICT JUDGE**